**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MERVIS PAUL BRICENO LA TORRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01654-JD |
| | ) | |
| MIGUEL VERGARA, et al. | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court are Petitioner Mervis Paul Briceno La Torre's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1] and

Respondents' Response [Doc. No. 6]. Respondents reserve their appellate rights and note

the petition for a writ of certiorari filed in the U.S. Supreme Court on the legal issue

presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A). [Doc. No. 6 at

1 n.2]. However, Respondents concede that the Tenth Circuit's decision in *Santillan*

*Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), controls the

Court's decision in this habeas action.

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court

grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by

ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226.

The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw.*

*Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and

longstanding principle of judicial restraint requires that courts avoid reaching

constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 29th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE